IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE OF ILLINOIS,<br><br>              Plaintiff,<br><br>    v.<br><br>WILLIAM P. BARR, in his official capacity as Attorney General of the United States,<br><br>              Defendant. | Case No. 19 CV 3461<br><br>Judge Harry D. Leinenweber |

**FINAL JUDGMENT AND ORDER**

This matter is before the Court on the parties' Stipulation. (Dkt. No. 26.) Pursuant to that Stipulation, and for good cause shown, the Court enters the following Order:

For the reasons set forth in this Court's Memorandum Opinion and Order in *City of Chicago v. Barr*, 1:18-cv-06859 (N.D. Ill. Sept. 19, 2019), Dkt. No. 80, and its Memorandum Opinion and Order in *City of Evanston v. Barr*, 1:18-cv-4853 (N.D. Ill. Sept. 26, 2019), Dkt. No. 93, and pursuant to Federal Rule of Civil Procedure 54(b), this Court enters a final judgment for Plaintiff on Count II of its Complaint (Dkt. No. 1). In so doing, the Court adopts herein the legal analysis set forth in its Memorandum Opinion and Order in *City of Chicago v. Barr* and its Memorandum Opinion and Order in *City of Evanston v. Barr* as though fully set forth herein. This Court finds that there is no just reason to delay the resolution of those claims.

1

Pursuant to Federal Rule of Civil Procedure 65, and for the reasons set forth in this Court's Memorandum Opinion and Order in *City of Chicago v. Barr* and *City of Evanston v. Barr*, this Court hereby enters a permanent injunction precluding Defendant from enforcing the following challenged conditions as to any Byrne JAG grant issued to the State of Illinois for FY 2018 and all future years, including any subgrantees that receive their Byrne JAG award through a grant provided to the State of Illinois, regardless of whether those conditions are included in any award documents:

> 1. **The notice condition**. This condition requires the State or local government to "provide—as early as practicable… —advance notice to [the Department of Homeland Security (DHS)] of the scheduled release date and time for a particular alien, if a State or local government (or government-contracted) correctional facility receives from DHS a formal written request pursuant to the INA that seeks such advance notice."
>
> 2. **The access condition**. This condition prohibits, with respect to the program or activity that is funded in whole or in part by the award, the State or local government from impeding agents of the United States acting under color of federal law "access to any State or local government (or government-contracted) correctional facility by such agents for the purpose" of "interrogat[ing] any alien or person believed to be an alien as to his [or her] right to be or to remain in the United States."
>
> 3. **The Section 1373 compliance condition**. This condition requires the Chief Legal Officer of the recipient jurisdiction to certify that the "program or activity" funded under the Byrne JAG award complies with 8 U.S.C. §§ 1373 (a) and (b).
>
> 4. **The Section 1644 compliance condition**. This condition requires the Chief Legal Officer to certify that the "program or activity" funded under the Byrne JAG award complies with 8 U.S.C. § 1644.
>
> 5. **The harboring condition**. This condition prohibits the recipient jurisdiction from making any "public disclosure… of any federal law enforcement information in a direct or indirect attempt to conceal, harbor, or shield from detection any fugitive from justice under 18

U.S.C. ch. 49, or any alien who has come to, entered, or remains in the United States in violation of 8 U.S.C. ch. 12—without regard to whether such disclosure would constitute (or could form a predicate for) a violation of 18 U.S.C. 1071 or 1072 or of 8 U.S.C. 1324(a)"; and

6. **The information collection condition**. This condition prohibits the recipient jurisdiction from making "a subaward to a State, a local government, or a 'public' institution of higher education, unless it first obtains from the proposed subrecipient responses to the questions identified in the program solicitation as 'Information regarding Communication with the Department of Homeland Security (DHS) and/or Immigration and Customs Enforcement (ICE).' All subrecipient responses must be collected and maintained by the recipient, consistent with regular document retention requirements, and must be made available to DOJ upon request. Responses to these questions are not required from subrecipients that are either a tribal government/organization, a nonprofit organization, or a private institution of higher education."

Litigation in this case, including litigation regarding Plaintiff's remaining claims and Defendant's obligation to respond to the Complaint, shall be stayed for 60 days pending the filing of a Notice of Appeal. If a party files a Notice of Appeal, then the matter shall remain stayed pending the final resolution of any appellate proceedings. If no Notice of Appeal is filed within 60 days of the date of this Order, then the parties shall file a status report within 30 days thereafter (within 90 days of the date of this Order).

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　United States District Court

Dated: 10/23/2019